IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SEAN PROA, et al.,                        :
    Plaintiffs                            :
                                          :
v.                                        :     CIVIL NO. AMD 05-2157
                                          :
NRT MID ATLANTIC, INC., et al.,           :
    Defendants                            :

...o0o...

MEMORANDUM OPINION

Plaintiffs Sean Proa, Margaret Jordan, and Gary S. Schiff, are real estate agents in Maryland. They have here asserted employment discrimination and related claims against defendants NRT, Inc. (a Delaware corporation), NRT Mid Atlantic, Inc., (a subsidiary of defendant NRT, Inc., doing business in a multistate area as Coldwell Banker Residential Brokerage), Angela Shearer (a vice president of NRT Mid Atlantic, Inc., and the branch manager of its Chestertown, Maryland, office) and Sarah Sinnickson (a Regional Vice President of NRT Mid Atlantic, Inc.).

Plaintiffs allege principally that the defendants discriminated against them on the basis of race and religion. Specifically, plaintiffs allege seven counts in the second amended complaint. The three plaintiffs *jointly* allege in Count I *individual* claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. In particular: (1) Proa (who is an African American) alleges a racial discrimination claim; (2) Jordan (who is a Caucasian married to an African American) alleges a racial discrimination claim (on the basis of her husband's race) together with a retaliation claim; and Schiff (who is Jewish) alleges a claim of discrimination based on religion. (Plaintiffs also seem to assert hostile

environment claims.) In Count II, plaintiffs allege, again jointly, that defendants discriminated against them in violation of 42 U.S.C. § 1981 based on their "race, ethnicity, racial heritage, and/or ethnic or racial associations by denying them the same rights as enjoyed by Caucasian Christian real estate agents."

In Count III, plaintiffs Proa and Jordan purport to assert a "class claim," presumably arising under Title VII (but not so alleged), for declaratory relief, namely, that they are not "independent contractors" but are "employees, for purposes of federal law." In Counts IV-VI, plaintiffs assert state law breach of contract and negligent supervision claims. Finally, in Count VII, plaintiffs Proa and Jordan assert some unspecified hybrid state/federal "wrongful discharge" claim.

Although they have answered the second amended complaint, defendants have also timely moved to dismiss Jordan's Title VII claims for failure to exhaust administrative remedies and, in its entirety, the ostensible declaratory judgement "class claim" asserted by Proa and Jordan in Count III. The motion is fully briefed and no hearing is needed. For the reasons stated within, the motion shall be granted.

I.

It is undisputed that plaintiff Jordan failed to assert her Title VII claims within 90 days of her receipt of a right to sue letter from the EEOC. *See 42 U.S.C. §2000e-5(f)(1)*. Nevertheless, she argues that she should be able to maintain her claims under the "single filing rule," a narrow exception to the exhaustion requirements enacted by Congress, which allows an employment discrimination plaintiff to "piggyback" on the claim of

another, timely-filed action.

The single filing rule has not been expressly adopted by the Fourth Circuit. *See White v. BFI Waste Services, LLC*, 375 Fed.3d 288, 293 (4th Cir. 2004). In any event, "piggybacking," even if I assume the Fourth Circuit will embraced the concept, is not appropriate here. The "single filing" rule applies to permit a claimant who has not exhausted the administrative requirement to file a charge of discrimination with the EEOC to join in the charge of another plaintiff who filed a similar, timely charge. *Id*. In other words, it applies only to plaintiffs who never filed an EEOC charge at all. Here, Jordan filed an EEOC charge, received her right to sue notice, and then did not sue within the required period. The case law is clear that the plaintiff does not qualify to join in this situation. *Id*. at 294 (holding that plaintiff, who filed his own charge of discrimination and received his own right-to-sue notice, must comply with his own charge and right-to-sue notice); *Campbell v. Amtrak*, 163 F. Supp. 2d 19, 25-26 (D.D.C. 2001) (holding that a claimant cannot rely upon another claimant's charge and must abide by the statute of limitations included in her right-to-sue notice); *Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 558 (llth Cir. 1997) (prohibiting a plaintiff, who had filed an EEOC charge and failed to file suit within 90 days, from "piggybacking"); *Anderson v. Unisys Corp.*. 47 F.3d 302, 308-309 (8th Cir. 1995) (failure to file suit within 90 days after the receipt of right-to-sue notices precluded plaintiffs from joining suit).

As plaintiff Jordan offers no explanation for her failure to file suit within the required time, her Title VII claims shall be dismissed. (This outcome seemingly is of no moment

inasmuch as Jordan's § 1981 race and retaliation claims remain in the case.)

II.

For reasons that are not entirely clear to this court, plaintiffs Proa and Jordan have persisted in their efforts, now repeated in the second amended complaint, to litigate as a class action under Fed.R.Civ.P. 23 the issue of whether real estate agents such as themselves, i.e., self-described "independent contractors," are entitled to claim the status of an employee under Title VII. This effort is unavailing for a number of independent but related reasons.

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that the court must assess three factors in determining whether it should exercise jurisdiction to award declaratory relief: (1) the complaint must allege an "actual controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment;" (2) the court must possess an independent basis for jurisdiction over the parties; and (3) the court must decide whether to exercise its discretion to determine or dismiss the action. *Volvo Constr. Equip. N. Am.. Inc. v. CLM Equip. Co.*, 386 F.3d 581, 592 (4th Cir. 2004); *see also Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003).

Here, manifestly, there is no "actual controversy" between defendants and the putative class of "[a]ll current and former real estate agents employed by" defendant Coldwell Banker "who were classified as independent contractors." The very notion collapses in on itself. "Independent contractor" status is a voluntary legal regime assumed as a matter of choice by contracting parties. Plaintiffs' apparent desire, in order to take advantage of remedies provided under federal law only to "employees," to litigate the legal

effect of their status in respect to their *individual relationships* with defendants, hardly provides a basis for an assumption that *all agents* in their Chestertown office wish to so. *Cf. Cilecek v. Inova Health System Servs.,* 115 F.3d 256, 261 (4th Cir.1997) (under Title VII, "whether an employment relationship or an independent contractor relationship was created" is "a question of law"), *cert. denied*, 522 U.S. 1049 (1998).

Indeed, the contrary must be true, if, as plaintiff contends, they were singled out on the basis of race or ethnicity for disparate adverse treatment. The exercise of the discretionary jurisdiction to award declaratory relief is appropriate only when a court can provide "specific relief through a decree of a conclusive character." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937). The ostensible "class claim" asserted here, designed to obtain a ruling declaring that all of defendants' erstwhile independent contractors/agents are really employees, plainly fails that test.[*]

Even more fundamentally, there must exist an independent basis for a claim to support the exercise of the discretionary jurisdiction to render a declaratory judgment. The Declaratory Judgment Act, which permits an award of declaratory relief only "upon the filing of an appropriate pleading," 28 U.S.C. § 2201(a), is not by itself a sufficient basis for

---

[*]*Davis v. Hartland Homes, Inc*, 2006 WL 2805255, *12 (D.Neb. Sept. 28, 2006), and *Golden v. A.P. Orleans,* 681 F.Supp. 1100 (E.D.Pa.1988), found that real estate salespersons, erstwhile independent contractors, were employees for purposes of federal anti-discrimination laws. *Kakides v. King Davis Agency, Inc*., 283 F. Supp. 2d 411 (D. Mass. 2003), and *Stetka v. Hunt Real Estate Corp.,* 859 F.Supp. 661, 665 (W.D.N.Y.1994), each reached a contrary result. Each of these cases was, of course, an individual action. The fact intensive nature of the inquiry clearly reflects the inappropriateness of any attempt to determine the question on a classwide basis.

jurisdiction over the class claim. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950). Here, there is no underlying "class claim" asserted, no "appropriate pleading," sufficient to support relief on a class basis.

Finally, even if there were an actual controversy and a basis for a classwide claim which was actually alleged in the second amended complaint, the court would not exercise its discretion to consider classwide declaratory relief on the issue of "independent contractor" status because it makes little practical sense to do so. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 296 (4th Cir. 2005). District courts are not required to exercise jurisdiction over declaratory judgment actions, even where jurisdiction otherwise exists. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494-95 (1942); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). I would not do so here. *See supra* n. *.

### III.

For the reasons set forth above, the motion to dismiss Jordan's claims asserted in Count I of the second amended complaint and Count III in its entirety shall be granted. An order follows.

Filed: March 13, 2007    /s/
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE