```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

**PROA, et al.**                     \*

    v.
                                \*

**NRT Mid-Atlantic, Inc.**
**d/b/a Coldwell Banker**
**Residential Brokerage**         \*     **CIVIL NO. AMD-05-2157**

\*   \*   \*   \*   \*   \*

## **O R D E R**

In accordance with the Memorandum Opinion and Order dated June 20, 2008, this Court orders as follows:

I. Plaintiffs' Motion to Compel Production of Documents from Defendants' Privilege Log and for In Camera Review of Documents (Paper No. 85) is DENIED.

Because this motion is denied in its totality, the Court shall award defendants their reasonable attorneys' fees and costs, payable jointly and severally by plaintiffs and their attorneys, Patrick J. Massari and William T. Coleman, III. Defendants shall submit their fee petition by JULY 9, 2008. Plaintiffs may respond by JULY 22, 2008, on the merits of any award and the amount sought in the fee petition, and the Court shall hold a hearing on JULY 30, 2008, at 10:00 a.m., by telephone unless the parties request a hearing in the courtroom.

II. Defendants' Motion for a Protective Order and Stay Pending Disposition of the Motion (Paper No. 76) and Plaintiffs' Counter-Motion to Compel Designation and Production of Witnesses to Testify in a Representative Capacity on Behalf of Corporate

Defendants (Paper No. 83) are each GRANTED in part and DENIED in part:

> 1. Plaintiffs' 30(b)(6) deposition of CBRB is limited to ten hours, regardless of the number of designees.
>
> 2. Plaintiffs' 30(b)(6) deposition of NRT is limited to five hours.
>
> 3. Plaintiffs'30(b)(6) testimony is limited to issues involving the Chestertown office, with limited testimony permitted regarding employment policies and practices used in the Chestertown office that were developed outside of that location.
>
> 4. Plaintiffs are permitted discovery generally back to January 1, 2000.
>
> 5. Plaintiffs are permitted to discover agreements of other similarly situated agents, and defendants shall prepare a corporate designee to discuss those agent agreements in use in the Chestertown office from January 1, 2000 to present; however, plaintiffs shall advise defendants of the particular terms and conditions of the agreements in which they are interested.
>
> 6. The parties should meet and confer as to the specific topics defendants believe are not stated with reasonable particularity in light of the guidance of this opinion, and submit to the court any specific topics about which they cannot agree by JULY 9, 2008. The Court will rule and make an award of expenses to the winning party of its expenses, unless the losing party's position is substantially justified.
>
> 7. All topics concerning defendants' initial investigation are subject to the work-product doctrine, and are struck.
>
> 8. As defendants have demonstrated severe burden but plaintiffs have not shown substantial need to obtain this information through a Rule 30(b)(6) deposition, topics dealing with affirmative defenses and litigation preservation are struck.

III. Plaintiffs' Motion to Compel Responses to Plaintiff Jordan's Discovery (Paper No. 92) is GRANTED in part and DENIED in part:

1. Defendants's general objections are moot.

2. Sean Proa's first set of interrogatories and document requests are not properly raised in this motion, and are discussed later in this order.

3. Plaintiffs' assertion that the Court should compel answers and responses to Plaintiff Jordan's first set of interrogatories and document requests is GRANTED in part and DENIED in part, as detailed below concerning the following specific requests:

   a. Plaintiffs' request that this Court compel answers to Interrogatory Nos. 1-3 is DENIED.

   b. Plaintiffs' request that this Court compel answers to Interrogatory Nos. 4-6 and production according to Document Request No. 3 is DENIED.

   c. Plaintiffs' request that this Court compel production according to Document Request No. 4 is DENIED as moot, as both parties agree that production of Shearer and Sinnickson's personnel files is proper.

   d. Plaintiffs' request that this Court compel production according to Document Request No. 5 is DENIED.

   e. Regarding Plaintiffs' requests for ESI (Document Request Nos. 6 and 10-13), the Court orders the parties to meet and confer with their respective ESI experts as soon as possible in order to identify the most efficient method for recovering any additional responsive ESI, and report to the court no later than JULY 9, 2008, as to the resolution and any additional time necessary for ESI discovery prior to deadline for dispositive pretrial motions. If the parties are unable to resolve the ESI matters, they should submit their positions by JULY 9, 2008.

   f. Plaintiffs' request that this Court compel production according to Document Request No. 7 is DENIED as moot.

   g. Plaintiffs' request that this Court compel production according to Document Requests No. 8-9 is DENIED.

h. Plaintiffs' request that this Court compel answers to Interrogatory Nos. 7-8 and 10-11 and production according to Document Request Nos. 14-15 and 17, is GRANTED in that defendants are compelled to produce responsive documents, to the extent they exist, that are not communications by attorneys to clients with the primary purpose of providing legal services, assistance or opinions, or prepared because of the prospect of litigation. If there are such complaints and documents, the parties should discuss in light of the Court's ruling on the previous motion and bring to the Court by JULY 15, 2008, any dispute as to particular documents.

IV. Plaintiffs' Motion to Compel Responses to Plaintiff Proa's Discovery (Paper No. 93) is GRANTED in part and DENIED in part:

1. Defendants's general objections are moot.

2. There is no need to address Sean Proa's first set of interrogatories and document requests in general terms, as they are discussed in depth later in this order.

3. Plaintiffs' assertion that the Court should compel answers and responses to Plaintiff Proa's first set of interrogatories and document requests is GRANTED in part and DENIED in part, as detailed below concerning the following specific requests:

a. Plaintiffs' request that this Court compel answers to Interrogatory No. 1 and production according to Document Request Nos. 1 is GRANTED to the extent plaintiffs' inquiry seeks the factual support for defendants' legal claims and defenses, but defendants are not required to identify all documents which in defense counsel's opinion supports the affirmative defenses or claims.

b. Plaintiffs' request that this Court compel answers to Interrogatory No. 2 and production according to Document Request Nos. 2 is GRANTED in that defendants should produce, to the extent they have not already done so, the identity of each person responsible for administering HR policies, practices, and procedures in Chestertown, as well as communications between the persons identified and the Chestertown office, Shearer, any employee or independent contractor in Chestertown, and any governmental entity, private party or

4

organization, involving employment discrimination that pertained to the Chestertown office.

c. Plaintiffs' request that this Court compel answers to Interrogatory Nos. 4-7 and production according to Document Request No. 7, is DENIED as moot, as defendants' have fully responded to plaintiffs' request. To the extent, however, that defendants have not supplemented their document production to correspond with their supplemental interrogatory responses, they should do so by JULY 9, 2008.

d. Regarding plaintiffs' requests for ESI (Document Request No. 9), the Court has ordered the parties to meet and confer with their respective ESI experts and report to the court no later than JULY 9, 2008, as to the resolution and any additional time necessary for ESI discovery prior to deadline for dispositive pretrial motions. To the extent, however, that plaintiffs seek every email between Shearer and Sinnickson for an unlimited time period, this request clearly seeks irrelevant information, and is DENIED.

e. Plaintiffs' request that this Court compel production according to Document Request Nos. 10-11 is DENIED.

f. Plaintiffs' request that this Court compel answers to Interrogatory Nos. 8-9 and production according Document Request No. 12 is DENIED to the extent plaintiffs seek communications between Shearer and HR director Guzzo regarding this litigation made subsequent to plaintiffs' demand letters, but GRANTED to the extent that plaintiffs seek information regarding Shearer's role in and the specifics of the chain of command in Chestertown, as well as unprivileged communications between Shearer and persons in the chain of command involving any of the plaintiffs or other named subjects (with the exception of "state or federal wage payment statutes"), and defendants have not already complied with this request. Defendants are ordered to produce such information by JULY 9, 2008.

g. Plaintiffs' request that this Court compel answers to Interrogatory Nos. 10-11 and production according Document Request No. 13 is GRANTED in limited part, as the request is properly limited to communications dealing generally with the topics of employment

5

discrimination and particularly only as to the specific allegations in the complaint regarding floor coverage, leads, etc.

h. Plaintiffs' request that this Court compel answers to Interrogatory No. 12 and production according Document Request No. 14 is DENIED.

I. Plaintiffs' request that this Court compel answers to Interrogatory No. 13 and production according Document Request Nos. 15-16 is GRANTED, and defendants are compelled to comply with this request by JULY 9, 2008.

j. Plaintiffs' request that this Court compel production according Document Request No. 18 is DENIED as moot, as defendants have fully responded to it.

k. Plaintiffs' request that this Court compel answers to Interrogatory No. 16 and production according Document Request No. 19 is DENIED.

V. Plaintiffs' Combined Motion to Compel Responses to Plaintiff Schiff's Discovery (Paper No. 94) is GRANTED in part and DENIED in part:

1. Defendants's general objections are moot.

2. Sean Proa's first set of interrogatories and document requests are not properly raised in this motion, and are discussed later in this order.

3. Plaintiffs' assertion that the Court should compel answers and responses to Plaintiff Schiff's first set of interrogatories and document requests is GRANTED in part and DENIED in part, as detailed below concerning the following specific requests:

a. Plaintiffs' request that this Court compel answers to Interrogatory Nos. 1-3 is DENIED.

b. Plaintiffs' request that this Court compel answers to Interrogatory Nos. 3-4 and production according Document Request Nos. 2-6 is GRANTED in part and DENIED in part, as the Court orders production of only the written affiliation agreements of the thirty comparably

6

situated sales associates/brokers.

c. Plaintiffs' request that this Court compel answers to Interrogatory No. 5 and production according Document Request No. 7 is DENIED as moot, as defendants have fully responded to this request.

d. Plaintiffs' request that this Court compel production according Document Request No. 8 is DENIED as moot, as defendants have fully responded to this request.

e. Plaintiffs' request that this Court compel answers to Interrogatory Nos. 7-9 and production according Document Request Nos. 9-10 is DENIED as moot, as defendants have fully responded to this request.

f. Plaintiffs' request that this Court compel production according Document Request No. 11 is moot, as there appears to be no real dispute remaining over this request.

g. Plaintiffs' request that this Court compel production according Document Request No. 12 is DENIED.

h. Plaintiffs' request that this Court compel production according Document Request No. 13 is DENIED.

VI. Plaintiffs' Combined Motion for Leave of Court to Continue the Deposition of Defendant Angela Shearer (Paper No. 106) is GRANTED in limited part, in that plaintiffs are permitted an additional one hour telephone deposition on four documents -- Ms. Shearer's employment contract, her performance appraisals, calendars for floor time, and an email stating that "Margaret [Jordan] is leaving under unpleasant circumstances."

It is so ORDERED this  20th    day of June, 2008.

     /s/
Susan K. Gauvey

United States Magistrate Judge